UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


JOSE CURTIELLAS,

Plaintiff,

vs.                                                  Case No.:

PENTAGROUP FINANCIAL,
LLC,

Defendant.
_____/

## COMPLAINT

1.     Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §

559.55 et seq. ("FCCPA").

## JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant

to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection

Practices Act, Fla. Stat. 559.55 et seq.

3.     This action arises out of Defendant's violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the FCCPA, and out of the invasion of

Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to

collect a consumer debt from Plaintiff.

1

4.      Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.      Plaintiff, JOSE CURTIELLAS, is a natural person who resides in the City of Pembroke Pines, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant PENTAGROUP FINANCIAL, LLC, (hereinafter "Defendant Pentagroup") is a collection agency operating from an address of 5959 Corporate Drive, #1400, Houston, TX 77036, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Pentagroup regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant Pentagroup regularly collects or attempts to collect debts for other parties.

9.      Defendant Pentagroup is a "debt collector" as defined in the FDCPA.

10.     Defendant Pentagroup was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

11.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALL

14.     In or about July, 2010, Defendant Pentagroup's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.     During this July, 2010 call, Defendant left a voice mail on Plaintiff's answering machine, identifying himself as a debt collector.

## SUMMARY

16.     The above-described collection communication made to Plaintiff by Defendant Pentagroup, and the collection employee employed by Defendant Pentagroup, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(11), 1692f, as well as in violation of the FCCPA § 559.72(5), and 559.77(5).

17.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

18.     Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and his right to financial privacy.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

CAUSES OF ACTION

COUNT 1

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

21.     The foregoing act and omission of the Defendant and its agent constitutes

numerous and multiple violations of the FDCPA including, but not limited to, each and every

one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this

Plaintiff.

22.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is

entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

from the Defendant herein.

COUNT 2

INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as

though fully stated herein.

24.     Congress explicitly recognized a consumer's inherent right to privacy in

collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its

findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

25.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.   15 U.S.C. § 6801(a) (emphasis added).

26.     Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

27.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to a third party, and thereby invaded Plaintiffs' right to financial privacy.

28.     Defendant disclosed Plaintiff's alleged indebtedness to third parties, who is Plaintiff's roommate.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

29.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30.     The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy

by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

COUNT 3

VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.     Defendant disclosed Plaintiff's alleged indebtedness to third parties.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

32.     As a result of Defendant's improper disclosure to third parties, Plaintiff's reputation was affected.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  July 28, 2010                         Respectfully submitted,


                                              /s Andrew I. Glenn_____
                                              Andrew I. Glenn
                                              E-mail:  AGlenn@cardandglenn.com
                                              Florida Bar No.:  577261
                                              J. Dennis Card, Jr.
                                              E-mail:DCard@cardandglenn.com
                                              Florida Bar No.  0487473
                                              Card & Glenn, P.A.
                                              2501 Hollywood Boulevard, Suite 100
                                              Hollywood, Florida 33020
                                              Telephone:  (954) 921-9994

6

Facsimile:   (954) 921-9553
Attorneys for Plaintiff